-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARTHA ANN BRYANT,

        Plaintiff,

    -v-

SENECA COUNTY POLICE DEPT.,
STATE POLICE NEW YORK,
JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4,
and SENECA COUNTY,

        Defendants.

DECISION AND ORDER
06-CV-6301L

---

## INTRODUCTION

Plaintiff Martha Ann Bryant filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and was granted permission to proceed *in forma pauperis* and file an amended complaint (Docket No. 3). Plaintiff's amended complaint claims that the defendants, the Seneca County Police Department, the State Police of New York, John Doe 1, John Doe 2, John Doe 3, John Doe 4, and Seneca County, violated her constitutional rights when she was wrongfully arrested by the State Police and Seneca County Police, transported from Rochester to Seneca County, and detained without phone calls or indictment for 45 days before the charges were dismissed, resulting in substantial injury to plaintiff. For the reasons discussed below, plaintiff's amended complaint may go forward as directed below.

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall evaluate a case in which *in forma pauperis* status has been granted to determine if the action (i) is frivolous

or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims may proceed, but under the circumstances set forth by the Court.

Plaintiff was directed to amend her complaint to name defendants who can be held liable for the redress she seeks. Plaintiff was directed to name defendants as John Does if she could not identify them by name. She has now named four John Does, and has also named the Seneca County Police Department, the State Police of New York and Seneca County. For the reasons explained in the Court's previous Order, plaintiff may not sue the Seneca County Police Department and Seneca County unless she alleges that they had a policy or custom that violated her rights. She has not alleged such a policy. Therefore, she may only sue individuals who acted under the authority of the County. For similar reasons, plaintiff may not sue an agency of the State such as the State Police; she may only sue individuals who acted under the authority of the State. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 -100 (1984); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). Because plaintiff states that she was unlawfully arrested by both Seneca

County Police and State Police, but has named only John Doe defendants without further description, the Court assumes that plaintiff could not determine which officers were employed by which police agency. The Second Circuit Court of Appeals has determined that, even "[t]hough a court need not act as an advocate for pro se litigants, in pro se cases there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 921 - 922 (2d Cir. 1998) (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (internal quotation marks omitted). ("In similar circumstances, courts have pointed out the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability. *See Soto v. Brooklyn Correctional Facility,* 80 F.3d 34, 37 (2d Cir.1996) '[B]ut for [the plaintiff's] mistake [in naming the correctional facility as a defendant], he would have ... at least named the superintendent of the facility and obtained the names of the responsible officers through discovery.'); *Satchell v. Dilworth,* 745 F.2d 781, 786 (2d Cir.1984) ( 'Plaintiff should have a reasonable opportunity, through discovery [of senior personnel], to ascertain what individuals ... caused [the alleged violation].')")

Thus, because *sua sponte* dismissal of Seneca County and the State Police would make it very difficult or impossible for plaintiff to discover the identity of the John Doe defendants, and in order to achieve the ends of justice, the Court hereby directs service of the complaint on the Seneca County Sheriff Leo T. Connolly and the Superintendent Wayne E. Bennett of the New York State Police. *See U.S. v. New York Telephone Co.*, 434 U.S. 159, 172-73 (1977). The Court also directs the Seneca County Sheriff and the

Superintendent of the New York State Police to identify for plaintiff the John Does who were responsible for the arrest and detention of plaintiff as soon as possible after the complaint has been served. Because the Court finds that the New York State police defendants are likely to be represented by the New York State Attorney General, the Court will direct the Clerk of the Court to send a copy of the complaint and this order to the Attorney General's Office to facilitate the identification of the John Doe defendants.

## CONCLUSION and ORDER

For the reasons discussed above, the U.S. Marshal is directed to serve copies of the Summons, Amended Complaint, and this Order upon Seneca County Sheriff Leo T. Connolly and the Superintendent Wayne E. Bennett of the New York State Police without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor. The Clerk of the Court is directed to send a copy of the amended complaint and this order to the Attorney General's Office to facilitate the identification of the John Doe defendants

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint and the Seneca County Sheriff and the Superintendent of the New York State Police are directed to identify for plaintiff the John Does who were responsible for the arrest and detention of plaintiff as soon as possible after the complaint has been served.

SO ORDERED.

Dated: Nov. 15, 2006
Rochester, New York

_Charles Siragusa_
CHARLES J. SIRAGUSA
United States District Judge