UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARTHA ANN BRYANT,

                Plaintiff,

     v.

JOEL PINKLER, LUIS RODRIGUEZ,
ADAM STENBERG, et. al.

                Defendants.

DECISION & ORDER

06-CV-6301L

---

## PRELIMINARY STATEMENT

Plaintiff Martha Ann Bryant initiated this action on June 14, 2006, alleging that New York State and Seneca County police officers unlawfully arrested her and violated her constitutional rights. (Docket # 1). Currently before the Court is the adequacy of plaintiff's response to an Order to Show Cause why the case should not be dismissed for failure to prosecute pursuant to Rule 41.2 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 32).

On November 7, 2007, plaintiff failed to appear before this Court for a scheduled pretrial conference. (Docket # 25). That conference was rescheduled, and plaintiff appeared before the Court on November 28, 2007. (Docket # 27). Thereafter, on May 21, 2008, defendants served upon plaintiff a Notice of Deposition, which was scheduled to occur at the office of defense counsel on August 1, 2008. (Docket # 30). Plaintiff failed to appear for her deposition. Several days later, on August 5, 2008, plaintiff again failed to appear for a status conference scheduled before this Court.

On that same date, the Clerk of the Court issued the subject Order to Show Cause requiring plaintiff to demonstrate in writing why this case should not be dismissed for failure to prosecute. (Docket # 32). Plaintiff responded to the Order by letter received on August 18, 2008. In her letter, plaintiff explained, in summary fashion, that she had temporarily moved to Dallas, Texas and had suffered a heat stroke. (Docket # 34). Plaintiff also provided the Court with an updated address and requested additional time to conduct discovery. (Docket # 34). Defendants have responded to plaintiff's letter, arguing that dismissal of this action is warranted. (Docket ## 36, 37).

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under . . . this rule . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious dispositions of cases"); *see also Minnette v.*

*Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of her lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "[p]rejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("The operative condition for a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases). Notwithstanding the above, dismissal is considered "a harsh remedy to be utilized only in extreme situations" *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted).

In the case at bar, it is uncontested that plaintiff failed to appear for her noticed deposition and shortly thereafter failed to appear for a conference with this Court. In response to the Order to Show Cause, plaintiff stated only that she has temporarily moved to Texas and that, once there, she suffered a heat stroke. (Docket # 34). Plaintiff has not specified the length of her illness, nor has she explained the degree to which such illness interfered with her ability to litigate the pending matter. Most troubling is that plaintiff has not adequately explained her failure to provide the Court with a current address or an alternative means of contact, as required by Rule 5.2 of the Local Rules of Civil Procedure.

Considering the record in this case, I find that the question whether plaintiff has sufficiently demonstrated good cause for why this action should not be dismissed for failure to prosecute is an extremely close one. Ultimately, however, I conclude that plaintiff's actions do not demonstrate the level of prosecutive delinquency justifying dismissal. Thus, I will afford the plaintiff one final opportunity to actively litigate her case. Plaintiff is strongly advised, however, that any future period of inactivity will likely result in the dismissal of this lawsuit.

## **CONCLUSION**

For the foregoing reasons, this Court finds that plaintiff has demonstrated good cause why the matter should not be dismissed due to her failure to prosecute. It is further

ORDERED, that a conference will be held before this Court on **Thursday, December 4, 2008**, at **10:00 a.m. EST.**  <u>**The parties may participate by telephone and should call chambers at (585) 613-4080 promptly at 10:00 a.m. EST to be connected into the conference.**</u>  At the conference, the parties will be expected to discuss possible dates for plaintiff's deposition, as well as a schedule for the completion of discovery.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
       November <u>  19  </u>, 2008